**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY CUSUMANO and JOAN CUSUMANO, | Docket No.: 13 Civ. 09020 (PGG) |
| Plaintiff, | |
| -against- | **ANSWER AND** **CROSS-CLAIMS OF** **DANA COMPANIES, LLC** |
| A.O. SMITH WATER PRODUCTS CO., et al., | |
| Defendants. | |

Defendant, Dana Companies, LLC (hereinafter "Dana"), by its attorneys Darger Errante Yavitz & Blau LLP, answers Plaintiffs' Verified Complaint (hereinafter the "Verified Complaint"), filed in the Supreme Court of the State of New York, County of New York, and the NYAL – Weitz & Luxenberg, P.C. Standard Asbestos Complaint for Personal Injury No. 7 referenced therein (hereinafter the "Standard Complaint"), in which Dana is incorrectly identified as "Dana Corporation," as follows:

1.      Paragraph 1 of the Verified Complaint contains no allegations to which response is required.

2.      Dana denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 2 through 84 (inclusive) of the Verified Complaint.

3.      Dana denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Standard Complaint.

4.      Paragraph 2 of the Standard Complaint contains no allegations to which response is required; to the extent response is required, Dana denies the allegations contained in paragraph 2 of the Standard Complaint as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all

questions of law to the Court.

5.      Dana denies the allegations contained in paragraph 3 of the Standard Complaint as they pertain to Dana, except admits that it has done business in this State, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

6.      Dana denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 33 (inclusive) of the Standard Complaint.

7.      Dana denies the allegations contained in paragraphs 34 and 35 of the Standard Complaint, except admits that it has done business in the State of New York, and refers all questions of law to the Court.

8.      Dana denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 36 through 157 (inclusive) of the Standard Complaint.

## AS TO THE FIRST CAUSE OF ACTION

9.      With regard to paragraph 158 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 157 (inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

10.     Dana denies the allegations contained in paragraphs 159 through 177 (inclusive) of the Standard Complaint as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS TO THE SECOND CAUSE OF ACTION

11.     With regard to paragraph 178 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 177

(inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

12.     Dana denies the allegations contained in paragraphs 179 through 183 (inclusive) of the Standard Complaint as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS TO THE THIRD CAUSE OF ACTION

13.     With regard to paragraph 184 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 183 (inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

14.     Dana denies the allegations contained in paragraphs 185 through 193 (inclusive) of the Standard Complaint as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS TO THE FOURTH CAUSE OF ACTION

15.     With regard to paragraph 194 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 193 (inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

16.     Dana denies the allegations contained in paragraphs 195 through 204 (inclusive) of the Standard Complaint, including all subparts therein, as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS TO THE FIFTH CAUSE OF ACTION

17.     With regard to paragraph 205 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 204 (inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

18.     Dana denies the allegations contained in paragraphs 205 through 223 (inclusive) of the Standard Complaint, including all subparts therein, as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS TO THE SIXTH CAUSE OF ACTION

19.     With regard to paragraph 224 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 223 (inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

20.     Dana denies the allegations contained in paragraphs 225 through 232 (inclusive) of the Standard Complaint as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS TO THE SEVENTH CAUSE OF ACTION

21.     With regard to paragraph 233 of the Standard Complaint, Dana repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs 1 through 232 (inclusive) of the Standard Complaint with the same force and effect as if hereinafter set forth at length.

22.     Dana denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 234 of the Standard Complaint.

23.     Dana denies the allegations contained in paragraph 235 of the Standard Complaint as they pertain to Dana, denies knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other parties, and refers all questions of law to the Court.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

24.     The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

25.     This Court lacks personal jurisdiction over Dana.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

26.     All claims are time-barred by the applicable Statute of Limitations.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

27.     All causes of action have not been maintained in a timely fashion and Plaintiff has neglected the same and should be barred by the doctrine of laches.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

28.     All claims should be dismissed based upon inconvenient forum.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

29.     Plaintiff lacks the legal capacity, standing, and authority to bring this action.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

30.     All claims should be dismissed based upon waiver.

**AS AND FOR AN**
**EIGHTH AFFIRMATIVE DEFENSE**

31.     All claims should be dismissed based upon collateral estoppel and/or res judicata.

**AS AND FOR A**
**NINTH AFFIRMATIVE DEFENSE**

32.     All claims should be dismissed based upon documentary evidence.

**AS AND FOR A**
**TENTH AFFIRMATIVE DEFENSE**

33.     All claims should be dismissed based upon Plaintiff's infancy or other disability.

**AS AND FOR AN**
**ELEVENTH AFFIRMATIVE DEFENSE**

34.     All claims should be dismissed based upon payment and/or release.

**AS AND FOR A**
**TWELFTH AFFIRMATIVE DEFENSE**

35.     The Verified Complaint and the Standard Complaint (hereinafter collectively the "Complaint"), and each and every allegation considered separately, fail to state any cause of action against Dana upon which relief can be granted.

**AS AND FOR A**
**THIRTEENTH AFFIRMATIVE DEFENSE**

36.     This action is barred by Plaintiff's failure to join indispensable parties without which this action should not proceed, and should be dismissed.

**AS AND FOR A**
**FOURTEENTH AFFIRMATIVE DEFENSE**

37.     Venue is improper.

**AS AND FOR A**
**FIFTEENTH AFFIRMATIVE DEFENSE**

38.     In the event that Plaintiff was employed by Dana, Plaintiff's sole and exclusive remedy is under the Workers' Compensation Law of the State of New York and/or the relevant

jurisdiction and venue.

**AS AND FOR A**
**SIXTEENTH AFFIRMATIVE DEFENSE**

39.     Plaintiff's alleged injuries, if any, were not caused by exposure to any Dana product or equipment.

**AS AND FOR A**
**SEVENTEENTH AFFIRMATIVE DEFENSE**

40.     Dana denies any successor liability for any product or equipment from which Plaintiff alleges injuries.

**AS AND FOR AN**
**EIGHTEENTH AFFIRMATIVE DEFENSE**

41.     To the extent that Plaintiff worked with or around any product or equipment manufactured, sold, or distributed by Dana, said product or equipment did not contain asbestos.

**AS AND FOR A**
**NINETEENTH AFFIRMATIVE DEFENSE**

42.     Dana did not specify, recommend, direct, or require the use of asbestos or asbestos containing products.

**AS AND FOR A**
**TWENTIETH AFFIRMATIVE DEFENSE**

43.     Dana denies that Plaintiff had any exposure to any asbestos product mined, processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold, and/or otherwise placed in the stream of commerce by Dana and, more particularly, denies upon information and belief that Dana mined, processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold and/or otherwise placed in the stream of commerce any asbestos product at the times and upon the dates alleged in the Complaint.

## AS AND FOR A
## TWENTY-FIRST AFFIRMATIVE DEFENSE

44.     Dana specifically denies that the asbestos products alleged in the Complaint are products within the meaning and scope of the Restatement of Torts § 402A, and as such, the Complaint fails to state a cause of action in strict liability.

## AS AND FOR A
## TWENTY-SECOND AFFIRMATIVE DEFENSE

45.     In the event Plaintiff should prove exposure to any Dana product or equipment, such exposure was *de minimis* and not sufficient to establish by a reasonable degree of probability that any Dana product or equipment caused any alleged injury.

## AS AND FOR A
## TWENTY-THIRD AFFIRMATIVE DEFENSE

46.     In the event Plaintiff should prove exposure at any location for which Dana is claimed to be legally liable, such exposure was *de minimis* and not sufficient to establish by a reasonable degree of probability that any Dana caused any alleged injury.

## AS AND FOR A
## TWENTY-FOURTH AFFIRMATIVE DEFENSE

47.     To the extent that Plaintiff seeks recovery for injuries allegedly suffered at a location for which Dana is claimed to be legally liable at a time when Dana had no legal relationship to that location, Dana cannot be held liable for the alleged injuries.

## AS AND FOR A
## TWENTY-FIFTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims against Dana must be dismissed because Dana did not own, lease, occupy, possess, supervise, manage, and/or control the area at or near the location where Plaintiff was allegedly injured.

## AS AND FOR A
## TWENTY-SIXTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims against Dana must be dismissed because Dana did not supervise, control, manage, and/or direct Plaintiff, Plaintiff's employers, Plaintiff's coworkers, and/or any person or persons in the area at or near the location where Plaintiff was allegedly injured.

## AS AND FOR A
## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

50.     The conditions at and around the location at which Plaintiff was allegedly injured constituted open and obvious hazards against which Dana had no duty to warn.

## AS AND FOR A
## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

51.     The conditions at and around the location at which Plaintiff was allegedly injured constituted open and obvious hazards that Plaintiff was obligated to avoid and/or required to take reasonable and appropriate precautions so as to avoid injury.

## AS AND FOR A
## TWENTY-NINTH AFFIRMATIVE DEFENSE

52.     Plaintiff's alleged injuries were caused directly, solely and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to Plaintiff alone and not found in the general public.

## AS AND FOR A
## THIRTIETH AFFIRMATIVE DEFENSE

53.     Plaintiff's significant pre-existing medical conditions caused the alleged injuries and/or damages.

## AS AND FOR A
## THIRTY-FIRST AFFIRMATIVE DEFENSE

54.     Dana did not have a duty to warn Plaintiff.

## AS AND FOR A
## THIRTY-SECOND AFFIRMATIVE DEFENSE

55.     All claims are barred or diminished because of Plaintiff's failure to preserve evidence.

## AS AND FOR A
## THIRTY-THIRD AFFIRMATIVE DEFENSE

56.     Plaintiff was contributorily negligent in:

(a)     Working with materials he knew or should have known to be hazardous to their health, without use of available protective devices, and without taking reasonable precautions to guard against damages resulting from work with such materials;

(b)     Failing to seek medical treatment and advice, and/or continuing to smoke, after the first manifestation of his alleged asbestos illness;

(c)     Using, in whole or in part, of other substances, products, medications, and drugs; and

(d)     As further discovery may reveal.

## AS AND FOR A
## THIRTY-FOURTH AFFIRMATIVE DEFENSE

57.     Any injuries or damages sustained by Plaintiff were the direct result of Plaintiff's deliberate misuse and/or unauthorized alteration of the personal protective equipment provided.

## AS AND FOR A
## THIRTY-FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff misused asbestos-containing products and/or equipment, which misuse proximately caused and/or contributed to the injuries and damages of which they complain.

## AS AND FOR A
## THIRTY-SIXTH AFFIRMATIVE DEFENSE

59.     Plaintiff was warned of risk of exposure to asbestos and asbestos containing

products and equipment.

### AS AND FOR A
### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

60.     The alleged incident, injuries, and damages of which Plaintiff complains were caused by unauthorized, unintended, and/or improper use of the product or equipment complained of and as a result of the failure to exercise reasonable care, caution, or vigilance for which Dana is not legally liable or responsible.

### AS AND FOR A
### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

61.     The conditions precedent to the maintenance of a wrongful death claim have not been met.

### AS AND FOR A
### THIRTY-NINTH AFFIRMATIVE DEFENSE

62.     Any amount of damages recoverable based upon the claims and causes of action in the Complaint must be diminished by reason of the culpable conduct attributable to Plaintiff, including contributory negligence and assumption of risk, in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A
### FORTIETH  AFFIRMATIVE DEFENSE

63.     Each and every cause of action in the Complaint is barred by reason of the culpable conduct attributable to Plaintiff, including contributory negligence and assumption of the risk.

### AS AND FOR A
### FORTY-FIRST AFFIRMATIVE DEFENSE

64.     Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the Complaint.

## AS AND FOR A
## FORTY-SECOND AFFIRMATIVE DEFENSE

65.     Plaintiff, his coworkers, and employers misused, abused, mistreated, and misapplied the product or equipment complained of as alleged in the Complaint.

## AS AND FOR A
## FORTY-THIRD AFFIRMATIVE DEFENSE

66.     If the Court finds that any misuse, abuse, mistreatment, and/or misapplication of the product or equipment caused and/or contributed to the alleged damages or injuries to Plaintiff, Dana requests that the amount of damages that might be recoverable shall be diminished by the proportion that the same misuse, abuse, mistreatment, and/or misapplication attributed to Plaintiff, his coworkers and/or employers bears to the conduct that caused the alleged injuries and/or damages.

## AS AND FOR A
## FORTY-FOURTH AFFIRMATIVE DEFENSE

67.     If Plaintiff should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions on the part of third-parties over whom Dana had no control or right of control.

## AS AND FOR A
## FORTY-FIFTH AFFIRMATIVE DEFENSE

68.     While Dana denies Plaintiff's allegations as to negligence, statutory liability, strict liability, injury, and damages, to the extent that Plaintiff may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third-parties over whom Dana had neither control nor right of control.

## AS AND FOR A
## FORTY-SIXTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' employer's failure to provide the proper equipment to ensure a safe

working environment was a proximate cause of the alleged injuries.

<b>AS AND FOR A<br>FORTY-SEVENTH AFFIRMATIVE DEFENSE</b>

70. Dana at all times relevant hereto complied with all applicable federal, state, and other regulations, and acted reasonably in all of its activities.

<b>AS AND FOR A<br>FORTY-EIGHTH AFFIRMATIVE DEFENSE</b>

71. Dana is immune from liability for any conduct performed in conformity with the United States government specifications and/or contracts.

<b>AS AND FOR A<br>FORTY-NINTH AFFIRMATIVE DEFENSE</b>

72. To the extent that Dana might be held vicariously liable for the actions or inactions of the Federal Occupational Safety and Health Administration ("OSHA"), the Federal Environmental Protection Agency ("EPA"), and/or other federal, state, and city agencies and employees for which those agencies or employees are immune from liability under federal and/or state common law and/or under federal and/or state statute, Dana is likewise immune from liability for those actions or inactions pursuant to the federal and/or state common law and/or federal and/or state statute.

<b>AS AND FOR A<br>FIFTIETH AFFIRMATIVE DEFENSE</b>

73. Dana is immune from liability for any conduct performed in conformity with the specifications mandated by Plaintiff's employers.

<b>AS AND FOR A<br>FIFTY-FIRST AFFIRMATIVE DEFENSE</b>

74. This action is barred by the doctrines of sophisticated purchaser/employer, sophisticated/learned intermediary, and/or sophisticated user.

## AS AND FOR A
## FIFTY-SECOND AFFIRMATIVE DEFENSE

75.     Dana owed no legal duty to Plaintiff.

## AS AND FOR A
## FIFTY-THIRD AFFIRMATIVE DEFENSE

76.     At all times relevant hereto the knowledge of other persons and business entities, and the ability of such other persons or business entities to take actions to prevent the alleged injuries and damages, was superior to that of Dana and, therefore, if there was a duty to warn Plaintiff, then the duty was on those other persons and business entities and not on Dana.

## AS AND FOR A
## FIFTY-FOURTH AFFIRMATIVE DEFENSE

77.     The failure of the purchasers/employers to warn and/or safeguard Plaintiff from any possible health hazards associated with asbestos was an intervening and/or superseding cause of Plaintiff's alleged injuries.

## AS AND FOR A
## FIFTY-FIFTH AFFIRMATIVE DEFENSE

78.     At all times during the conduct of its corporate operations, the agents, servants and/or employees of Dana used proper methods in manufacturing and/or designing its products or equipment in conformity to the available knowledge and research of the scientific and industrial communities.

## AS AND FOR A
## FIFTY-SIXTH AFFIRMATIVE DEFENSE

79.     At all times during the conduct of its corporate operations, the agents, servants and/or employees of Dana acted in conformity to the available knowledge and research of the scientific and industrial communities.

## AS AND FOR A
## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

80.     This action is barred by the bulk supplier doctrine.

## AS AND FOR A
## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

81.     Dana had no knowledge of the dangerous propensities of the material allegedly causing the injuries to Plaintiff.

## AS AND FOR A
## FIFTY-NINTH AFFIRMATIVE DEFENSE

82.     At all times relevant hereto, the state of the medical, industrial, and scientific arts was that there was no generally accepted or recognized knowledge of any unsafe, inherently dangerous, hazardous or defective character or nature of asbestos products when used in the manner and for the purposes intended, so that there was no duty by Dana to know of such character or nature or to warn Plaintiff or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

## AS AND FOR A
## SIXTIETH AFFIRMATIVE DEFENSE

83.     Any oral warranties upon which Plaintiff allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

## AS AND FOR A
## SIXTY-FIRST AFFIRMATIVE DEFENSE

84.     As to all the causes of action in the Complaint which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient as against Dana by reason of their failure to allege privity of contract between Plaintiff and Dana.

## AS AND FOR A
## SIXTY-SECOND AFFIRMATIVE DEFENSE

85.     Plaintiff did not directly or indirectly purchase any asbestos-containing products

or equipment from Dana, and Plaintiff neither received nor relied upon any warranty or representation that may be alleged to have been made by Dana.

### AS AND FOR A
### SIXTY-THIRD AFFIRMATIVE DEFENSE

86.    In the event that any breach of warranty is proven, Plaintiff failed to give proper and prompt notice of any such breach of warranty to Dana.

### AS AND FOR A
### SIXTY-FOURTH AFFIRMATIVE DEFENSE

87.    To the extent that the causes of action fail to accord with the Uniform Commercial Code, including but not limited to Section 2-725 thereof, they are time-barred.

### AS AND FOR A
### SIXTY-FIFTH AFFIRMATIVE DEFENSE

88.    Plaintiff's speculative, uncertain, and/or contingent damages have not accrued and are not recoverable.

### AS AND FOR A
### SIXTY-SIXTH AFFIRMATIVE DEFENSE

89.    To the extent the Complaint asserts "market share" liability or "enterprise" liability, the Complaint fails to state facts to constitute a cause of action against Dana.

### AS AND FOR A
### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

90.    Dana is not and was not a manufacturer, seller, or supplier within the meaning of the doctrine of strict liability in tort or contract.

### AS AND FOR A
### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

91.    Plaintiff's causes of action for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

## AS AND FOR A
## SIXTY-NINTH AFFIRMATIVE DEFENSE

92.     The Complaint fails to specify any willful or wanton conduct on the part of Dana; therefore, all claims referring to the recovery of punitive damages in the Complaint must be stricken.

## AS AND FOR A
## SEVENTIETH AFFIRMATIVE DEFENSE

93.     To the extent that Plaintiff seeks punitive damages against Dana, these damages are improper, unwarranted, not authorized by law, unconstitutional in the context of this litigation, and not recoverable.  Subjecting a defendant to multiple trials and the multiple imposition of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution, the Constitution of the State of New York, and/or the applicable laws of any relevant jurisdiction and venue.  Further, the manner in which punitive damages are awarded in cases such as this is in violation of constitutional due process as there is no principle of limitation on the multiple imposition of punitive damages for a single course of conduct.  Thus, the standard governing the award of punitive damages is constitutionally void for vagueness.

## AS AND FOR A
## SEVENTY-FIRST AFFIRMATIVE DEFENSE

94.     The amount of punitive damages sought is unconstitutionally excessive and disproportionate to Dana's alleged conduct, and thus violates the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Fourth, Fifth, and Sixth Amendments.

## AS AND FOR A
## SEVENTY-SECOND AFFIRMATIVE DEFENSE

95.     The amount of punitive damages sought is unconstitutionally excessive and

disproportionate to Dana's alleged conduct, and thus violates the New York State Constitution, including the Due Process Clause of Article I, Section 6, and/or the applicable laws of any relevant jurisdiction and venue.

### AS AND FOR A
### SEVENTY-THIRD AFFIRMATIVE DEFENSE

96.     Any award of punitive damages based upon vague and undefined standards of liability, or based upon any standard of proof less than "clear and convincing" evidence, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the New York State Constitution, and/or the applicable laws of any relevant jurisdiction and venue.

### AS AND FOR A
### SEVENTY-FOURTH AFFIRMATIVE DEFENSE

97.     If the Court should award damages to Plaintiff, Dana requests that the amount of damages that might be recoverable be diminished based upon the culpable conduct attributable to Plaintiff pursuant to pursuant to CPLR 1411 and/or the applicable laws of any relevant jurisdiction and venue.

### AS AND FOR A
### SEVENTY-FIFTH AFFIRMATIVE DEFENSE

98.     If the Court should award damages to Plaintiff, Dana requests that the amount of damages that might be recoverable be diminished based upon any and all collateral sources of payment available to Plaintiff pursuant to CPLR 4545 and/or the applicable laws of any relevant jurisdiction and venue.

### AS AND FOR A
### SEVENTY-SIXTH AFFIRMATIVE DEFENSE

99.     In the event of a finding of liability of Dana, Dana's liability to Plaintiff shall not exceed Dana's equitable share determined in accordance with the relative culpability of each

person or business entity, including bankrupt entities, causing or contributing to the total liability pursuant to Article 16 of the New York Civil Practice Law and Rules and/or the applicable laws of any relevant jurisdiction and venue.

## AS AND FOR A
## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

100.    In accordance with Section 15-108 of the New York General Obligations Law and/or the applicable laws of any relevant jurisdiction and venue, to the extent that Plaintiff has given an alleged tortfeasor other than Dana a release or covenant not to sue or not to enforce a judgment, any award of damages must be reduced by the amount stipulated by the release or covenant, or in the amount of the consideration paid for it or in the amount of the released tortfeasor's equitable share of the damages, whichever is the greater.

## AS AND FOR A
## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

101.    Plaintiff's loss of consortium claim is barred as a matter of law to the extent that the alleged exposure to Dana's product or equipment predates the date of Plaintiff's marriage.

## AS AND FOR AN
## SEVENTY-NINTH AFFIRMATIVE DEFENSE

102.    Plaintiff's alleged injuries were caused, in whole or in part, by the general condition, quality and content of the air and/or environment in the New York metropolitan area.

## AS AND FOR AN
## EIGHTIETH AFFIRMATIVE DEFENSE

103.    Plaintiff's alleged injuries were caused, in whole or in part, by and through the operation of nature.

## AS AND FOR AN
## EIGHTY-FIRST AFFIRMATIVE DEFENSE

104.    To the extent that Plaintiff is unable to identify the product(s) that allegedly

caused Plaintiff's injuries, the relief sought by Plaintiff contravenes Dana's rights to protection against taking of property for public use without just compensation, rights to substantive and procedural due process of law and equal protection of the laws under the applicable provisions of the Constitution of the United States Constitution and of the State of New York.

## AS AND FOR AN
## EIGHTY-SECOND AFFIRMATIVE DEFENSE

105.    The presence of asbestos-containing products or equipment manufactured or supplied by Dana relevant in this action, if any, which Dana hereby expressly denies, was the result of complying with specifications or requirements of Plaintiff's employers, and/or the United States Government, and/or the State of New York and/or other federal or state entities.

## AS AND FOR AN
## EIGHTY-THIRD AFFIRMATIVE DEFENSE

106.    The products or equipment manufactured or supplied by Dana relevant in this action, if any, which Dana hereby expressly denies, did not have any defects, including any alleged manufacturing defects, design defects, or inadequate warnings.

## AS AND FOR AN
## EIGHTY-FOURTH AFFIRMATIVE DEFENSE

107.    All claims brought under New York Law, L. 1986 C, 682 §4 (enacted July 31, 1986) are time-barred in that said statute is in violation of the Constitution of the United States and the Constitution of the State of New York.

## AS AND FOR AN
## EIGHTY-FIFTH AFFIRMATIVE DEFENSE

108.    The within action cannot be maintained to the extent there is another, virtually identical action, brought by Plaintiff currently pending.

## AS AND FOR AN
## EIGHTY-SIXTH AFFIRMATIVVE DEFENSE

109.    Plaintiff failed to properly effect service against Dana.

## AS AND FOR AN
## EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

110.    Dana reserves the right to move to sever the various allegations in the Complaint.

## AS AND FOR AN
## EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

111.    Dana reserves the right to respond and assert defenses as to causes of action that have been dismissed should they be reinstated through subsequent appeal.

## AS AND FOR AN
## EIGHTY-NINTH AFFIRMATIVE DEFENSE

112.    All defenses that have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth herein as defenses to the Complaint.  Additionally, Dana will rely upon any and all further defenses that become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend this answer for the purpose of asserting any such additional defenses.

## AS AND FOR CROSS-CLAIMS
## AGAINST CO-DEFENDANTS

113.    If Plaintiff sustained injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness, and/or negligence other than that of Plaintiff himself, including, but not limited to, the manufacture and distribution of the asbestos product, breach of warranty or misrepresentations, either express or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of co-defendants and/or third-party defendants, or hereafter named herein, with indemnification and/or contribution to Dana as implied-in-fact or implied-in-

law.

114.    If Dana is found liable as to Plaintiff and/or any third-party Plaintiff for the injuries and damages set forth in the Complaint and/or any third-party complaints, the said co-defendants and third-party defendants will be liable jointly and severally to Dana and will be bound to fully indemnify and hold that Dana is entitled to contribution, in whole or in part, from each of the co-defendants and third-party defendants now or hereafter named herein, together with the costs and disbursements incurred in the defense of this action.

115.    If Plaintiff should recover a judgment against Dana, by operation of law or otherwise, Dana will be entitled to judgment, contribution, and/or indemnity over and against the co-defendants, their agents, servants, and/or employees, by reason of their carelessness, recklessness, and/or negligence for the amount of any such recovery, or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements, and reasonable expenses of the investigation and defense of this action, including reasonable attorneys' fees.

116.    All cross-claims that have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth herein.  Additionally, Dana will rely upon any and all further cross-claims that become available or appear during discovery proceedings in this action and hereby specifically reserve the right to amend this answer for the purpose of asserting any such additional cross-claims.

## AS AND FOR AFFIRMATIVE DEFENSES TO CROSS-CLAIMS BY CO-DEFENDANTS

117.    Dana denies all material allegations contained in all co-defendants' cross-claims, and Dana does not waive any defenses to any cross-claims.

118.    Dana repeats and reasserts the affirmative defenses raised above and incorporates

each herein as affirmative defenses to any cross-claims asserted against Dana.

**WHEREFORE,** Dana demands judgment dismissing the Complaint with costs and disbursements and, in the event of any judgment against Dana, demands judgment, contribution and/or indemnity over and against the co-defendants for the amount of any such recovery or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

Dated:   New York, New York         DARGER ERRANTE YAVITZ & BLAU LLP
        January 20, 2014

                                            */s/ Eric Statman*
                                            Eric Statman,Esq.
                                            ES-8544
                                            116 East 27th Street, 12th Floor
                                            New York, NY 10016
                                            (212) 452-5300
                                            estatman@deybllp.com

                                            *Attorneys for Dana Companies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2014, a true and correct copy of the foregoing Verified Answer was filed electronically through the Court's Electronic Case Filing (ECF) system and shall be available for viewing and downloading from the ECF system by counsel of record and those registered to receive Notice of Electronic Filing for this case.

/s/ *Eric Statman*
Eric Statman, Esq.