UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

| | |
|---|---|
| ANTHONY CUSUMANO and JOAN CUSUMANO,<br><br>Plaintiffs,<br><br>-against-<br><br>A.O. SMITH WATER PRODUCTS CO., *et al.*,<br><br>Defendants. | : Civil Action No.: 13-cv-9020 (PGG)<br>:<br>:<br>:<br>: **GOODYEAR CANADA INC.'S**<br>: **ANSWER TO PLAINTIFFS'**<br>: **AMENDED COMPLAINT,**<br>: **AFFIRMATIVE DEFENSES,**<br>: **CROSS-CLAIMS, AND**<br>: **ANSWER TO CROSS CLAIMS**<br>:<br>: |

---------------------------------------------------------X

Defendant Goodyear Canada Inc. ("Goodyear Canada"), by its attorneys Lynch Daskal Emery LLP, for its verified answer to plaintiffs' Amended Complaint ("Complaint"), answers as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3 through 86 of the Complaint.

4. With respect to the NYAL Weitz & Luxenberg, P.C. Federal Standard Asbestos Complaint for Personal Injury No. 1 ("Standard Complaint") referenced in paragraph 87 of the Complaint, Goodyear Canada refers to its responses to the Standard Complaint below.

5. The allegations contained in paragraph 88 of the Complaint do not require a response.

## ANSWER TO NYAL WEITZ & LUXENBERG, P.C. FEDERAL STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 1

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the Standard Complaint and refers all questions of law to the Court.

7. Denies each and every allegation contained in paragraph 3 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge of information sufficient to form a belief as to the truth of the allegations insofar as they pertain to persons or entities other than Goodyear Canada.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 61 of the Standard Complaint.

9. Denies each and every allegation contained in paragraph 62 of the Standard Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63 though 161 of the Standard Complaint.

## AS TO THE ALLEGED FIRST CAUSE OF ACTION

11. With respect to paragraph 162 of the Standard Complaint, Goodyear Canada repeats, reiterates, and re-alleges its responses to paragraphs 1 through 161 of the Standard Complaint as if fully set forth herein.

12. Denies each and every allegation contained in paragraphs 163 through 181 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

## AS TO THE ALLEGED
## SECOND CAUSE OF ACTION

13. With respect to paragraph 182 of the Standard Complaint, Goodyear Canada repeats, reiterates, and re-alleges its responses to paragraphs 1 through 181 of the Standard Complaint as if fully set forth herein.

14. Denies each and every allegation contained in paragraphs 183 through 185 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 of the Standard Complaint.

16. Denies each and every allegation contained in paragraph 187 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

## AS TO THE ALLEGED
## THIRD CAUSE OF ACTION

17. With respect to paragraph 188 of the Standard Complaint, Goodyear Canada repeats, reiterates, and re-alleges its responses to paragraphs 1 through 187 of the Standard Complaint as if fully set forth herein.

18. Denies each and every allegation contained in paragraphs 189 through 195 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the Standard Complaint.

20. Denies each and every allegation contained in paragraph 197 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

## AS TO THE ALLEGED
## FOURTH CAUSE OF ACTION

21. With respect to paragraph 198 of the Standard Complaint, Goodyear Canada repeats, reiterates, and re-alleges its responses to paragraphs 1 through 197 of the Standard Complaint as if fully set forth herein.

22. Denies each and every allegation contained in paragraph 199 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of the Standard Complaint.

24. Denies each and every allegation contained in paragraphs 201 through 205 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 of the Standard Complaint.

26. Denies each and every allegation contained in paragraph 207 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

## AS TO THE ALLEGED
## FIFTH CAUSE OF ACTION

27. With respect to paragraph 208 of the Standard Complaint, Goodyear Canada repeats, reiterates, and re-alleges its responses to paragraphs 1 through 207 of the Standard Complaint as if fully set forth herein.

28. Denies each and every allegation contained in paragraphs 209 and 210 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 of the Standard Complaint and refers all questions of law to the Court.

30. Denies each and every allegation contained in paragraphs 212 through 220 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

## AS TO THE ALLEGED
## SIXTH CAUSE OF ACTION

31. With respect to paragraph 221 of the Standard Complaint, Goodyear Canada repeats, reiterates, and re-alleges its responses to paragraphs 1 through 220 of the Standard Complaint as if fully set forth herein.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the Standard Complaint and refers all questions of law to the Court.

33. Denies each and every allegation contained in paragraph 223 of the Standard Complaint insofar as it pertains to Goodyear Canada and denies knowledge or information sufficient to form a belief as to the truth of those allegations insofar as they pertain to persons or entities other than Goodyear Canada.

## DEFENSES

### FIRST DEFENSE

34. The complaint fails to state a cause of action against Goodyear Canada.

### SECOND DEFENSE

35. Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose.

### THIRD DEFENSE

36. Upon information and belief, plaintiffs unduly delayed bringing their claims in this action to the prejudice of Goodyear Canada. As a result, plaintiffs' claims are barred by the doctrine of laches.

### FOURTH DEFENSE

37. Plaintiffs' claims are barred by the doctrines of estoppel.

6

**FIFTH DEFENSE**

38. Plaintiffs have failed to join as parties one or more persons or defendants needed for just and complete adjudication of the matters in controversy.

**SIXTH DEFENSE**

39. Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

**SEVENTH DEFENSE**

40. Plaintiffs executed a settlement agreement releasing and discharging Goodyear Canada from all claims arising out of plaintiffs' alleged injuries.

**NINTH DEFENSE**

41. Pursuant to Section 15-108 of the New York General Obligations Law, to the extent plaintiff has given a release or covenant not to sue or not to enforce a judgment to an alleged co-tortfeasor of Goodyear Canada, plaintiffs' claims are reduced to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages, whichever is greatest.

**TENTH DEFENSE**

42. Pursuant to Section 15-108 of the New York General Obligations Law, to the extent plaintiffs have given a release or covenant not to sue or not to enforce a judgment to Goodyear Canada, it is relieved from any liability to any other defendant, person, or entity for contribution.

### ELEVENTH DEFENSE

43. Goodyear Canada is entitled to a set-off against any award of damages to Plaintiffs by reason of any payment from any person or entity for the injuries and damages alleged pursuant to Section 15-108 of the New York General Obligations Law.

### TWELFTH DEFENSE

44. Any injuries and/or damages sustained by plaintiffs were the result of the actions or inactions of persons or entities for whose conduct Goodyear Canada is not legally responsible.

### THIRTEENTH DEFENSE

45. Any injuries and/or damages sustained by plaintiffs were the direct and proximate result of unforeseen and unforeseeable negligent, grossly negligent, wanton or reckless acts, omissions or conduct of intervening third parties, or the direct and proximate result of superseding causes.

### FOURTEENTH DEFENSE

46. The amount of damages, if any, recoverable by plaintiffs should be diminished by reason of plaintiff's negligence, carelessness, or other culpable conduct.

### FIFTEENTH DEFENSE

47. Each cause of action is barred by the culpable conduct attributable to plaintiff, including contributory negligence and assumption of risk.

### SIXTEENTH DEFENSE

48. Plaintiffs' alleged injuries were caused by improper use and handling of the products at issue.

### SEVENTEENTH DEFENSE

49.     Plaintiff Anthony Cusumano failed to take reasonable and/or adequate steps and precautions for the safe use of the products at issue.

### EIGHTEENTH DEFENSE

50.     Plaintiff Anthony Cusumano voluntarily assumed any risks associated with the use of or exposure to the products at issue.

### NINETEENTH DEFENSE

51.     Any injuries sustained by plaintiff Anthony Cusumano were proximately caused by his unauthorized alteration of the products at issue.

### TWENTIETH DEFENSE

52.     Goodyear Canada is not liable to plaintiffs with respect to the injuries alleged because such injuries, if any, were caused by pure accident in terms of law.

### TWENTY-FIRST DEFENSE

53.     Plaintiff Anthony Cusumano contributed to his injuries by the use of other substances, products, medications, and/or drugs.

### TWENTY-SECOND DEFENSE

54.     Plaintiff Anthony Cusumano's injuries were caused directly, solely, and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to plaintiff and not found in the general public, of which Goodyear Canada neither knew, had reason to know, nor could have foreseen.

## TWENTY-THIRD DEFENSE

55. Plaintiffs failed to mitigate or otherwise act to lessen or reduce the alleged injuries, disability and/or damages.

## TWENTY-FOURTH DEFENSE

56. The negligence of plaintiff Anthony Cusumano and/or plaintiff Anthony Cusumano's employer(s) proximately caused the alleged injuries and damages and, even if plaintiffs are entitled to damages, which Goodyear Canada specifically denies, Goodyear Canada is entitled to as set-off for all Workers' Compensation payments received by plaintiffs.

## TWENTY-FIFTH DEFENSE

57. In accordance with CPLR 1601, Goodyear Canada's liability for non-economic loss is limited to its equitable share of the total liability for non-economic loss.

## TWENTY-SIXTH DEFENSE

58. Plaintiffs failed to plead and/or are not entitled to an exception to the limitations on liability set forth in Article 16 of the CPLR.

## TWENTY-SEVENTH DEFENSE

59. This action is barred under the government contractor's defense theory.

## TWENTY-EIGHTH DEFENSE

60. Plaintiff Anthony Cusumano was reasonably and adequately warned of any alleged risks associated with the use of or exposure to asbestos-containing products, including any product allegedly manufactured Goodyear Canada.

## TWENTY-NINTH DEFENSE

61. Plaintiffs' claim for collective liability is barred because all or a substantial share of the market of all potential tortfeasors are not before the Court.

## THIRTIETH DEFENSE

62. Plaintiffs' claims are barred by the entire controversy doctrine.

## THIRTY-FIRST DEFENSE

63. Plaintiffs' claims should be dismissed on grounds of improper venue and/or forum non conveniens.

## THIRTY-SECOND DEFENSE

64. Plaintiffs' sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

## THIRTY-THIRD DEFENSE

65. No acts or omissions of Goodyear Canada proximately caused any injuries and/or damages sustained by plaintiffs.

## THIRTY-FOURTH DEFENSE

66. Plaintiff Anthony Cusumano was not injured by any exposure to a Goodyear Canada product.

## THIRTY-FIFTH DEFENSE

67. Plaintiff Anthony Cusumano's exposure, if any, to any asbestos-containing products, including any products allegedly manufactured by Goodyear Canada, at issue was so minimal as to be insufficient to establish a reasonable degree of probability that the products caused or were capable of causing the alleged injuries.

## THIRTY-SIXTH DEFENSE

68. In accordance with New York CPLR section 4545(c), Goodyear Canada is entitled to a set-off for any past or future costs or expenses incurred or to be incurred by plaintiffs for medical care, custodial care, or rehabilitation services, loss of earnings, or other economic loss, which has been or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source.

## THIRTY-SEVENTH DEFENSE

69. At all times relevant, the state of the medical, scientific, and industrial knowledge, the state of the art, practice, and prevailing industry standards regarding asbestos-containing products was such that Goodyear Canada neither knew, nor had reason to know, nor could have known of any foreseeable or significant risk of harm to plaintiff in the normal and expected use of the products at issue.

## THIRTY-EIGHTH DEFENSE

70. The products of Goodyear Canada, if any, to which it is alleged plaintiff Anthony Cusumano was exposed were neither defective nor unreasonably dangerous and posed no health hazard which could have produced plaintiff's alleged injuries.

## THIRTY-NINTH DEFENSE

71. Plaintiffs' claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

## FORTIETH DEFENSE

72. Goodyear Canada's conduct was not reckless, malicious, willful, or grossly negligent and, consequently, plaintiffs are not entitled to exemplary or punitive damages.

## FORTY-FIRST DEFENSE

73. Plaintiffs' claims for punitive damages are barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the New York State Constitution.

## FORTY-SECOND DEFENSE

74. Plaintiffs' claims for punitive damages are barred by the *ex post facto* clause of Article 1, Section 10, of the United States Constitution.

## FORTY-THIRD DEFENSE

75. Plaintiffs' claims for punitive damages are barred by the proscriptions of the Eighth Amendment to the United States Constitution and Article 1, Section 5 of the New York State Constitution prohibiting the imposition of excessive fines.

## FORTY-FOURTH DEFENSE

76. To the extent the law of any other jurisdiction is deemed applicable to this action, plaintiffs' demand for punitive damages is barred by the applicable proscriptions of the constitution of such jurisdiction.

## FORTY-FIFTH DEFENSE

77. Plaintiffs failed to plead fraud with requisite particularity.

## FORTY-SIXTH DEFENSE

78. Goodyear Canada had no duty to warn plaintiff because plaintiff Anthony Cusumano, his employers, and/or others responsible for plaintiff's work environment were sophisticated purchasers and/or users of Goodyear Canada products, upon whom devolved all responsibility for such purchase and/or use.

### FORTY-SEVENTH DEFENSE

79. Goodyear Canada had no duty to warn plaintiff Anthony Cusumano because plaintiff was advised or should have been advised of any alleged hazards associated with the use of the products at issue by learned intermediaries for whom Goodyear Canada was not responsible and over whom Goodyear Canada exercised no control or direction and, therefore, Goodyear Canada is not liable to plaintiffs under a failure to warn theory.

### FORTY-EIGHTH DEFENSE

80. Plaintiffs' claims are barred inasmuch as they are preempted by one or more statutes, rules, standards, and/or regulations of the United States Government including, but not limited to, the Hazards Communication Standard, 29 C.F.R. §1910.1200.

### FORTY-NINTH DEFENSE

81. Goodyear Canada adopts all defenses available under the Restatement (Second) of Torts, Section 402A, and Restatement (Third) of Torts: Products Liability, and, as such, plaintiffs fail to state a cause of action in strict liability.

### FIFTIETH DEFENSE

82. The Court lacks personal jurisdiction over Goodyear Canada.

### FIFTY-FIRST DEFENSE

83. Plaintiff Anthony Cusumano's injuries were caused, either in whole or in part, by the general condition, quality, and content of the air and/or environment in the cities where plaintiff was allegedly exposed to asbestos.

### FIFTY-SECOND DEFENSE

84. Goodyear Canada is entitled to rely on the learned intermediary defense.

### FIFTY-THIRD DEFENSE

85. This action cannot be maintained as there is another action pending between the same or similar parties for the same or similar claims for relief in the same or a different court.

### FIFTY-FOURTH DEFENSE

86. The Court lacks jurisdiction over Goodyear Canada due to insufficient service of process.

### FIFTY-FIFTH DEFENSE

87. The Court lacks personal jurisdiction over Goodyear Canada due to insufficient process.

### FIFTY-SIXTH DEFENSE

88. At all times relevant to this litigation, Goodyear Canada complied with all applicable law, regulations, and standards.

### FIFTY-SEVENTH DEFENSE

89. The Complaint does not state a claim against Goodyear Canada to the extent plaintiff relies on any alternate or collective theories of liability, whether civil conspiracy, market share, enterprise/industry-wide, or any other theory providing for liability without proof of causation, because such alternate theories are not recognized in New York for asbestos cases.

### FIFTY-EIGHTH DEFENSE

90. All defenses which have been or will be asserted by other persons or entities in this action are adopted and incorporated by reference as if fully set forth herein. In addition, Goodyear Canada will rely upon any and all other further defenses which become available or appear during discovery in this action and hereby specifically reserves its right to amend its answer for the purpose of asserting any such additional defenses.

### CROSS-CLAIMS

91. In the event plaintiffs recover a judgment against Goodyear Canada, Goodyear Canada is entitled to contribution and/or indemnity from and judgment over as against all other defendants to this action on the theories already addressed herein.

### ANSWER TO ALL CROSS-CLAIMS

92. Goodyear Canada hereby answers the cross-claims of each of the other defendants and third-party defendants named in this action, however asserted or alleged, as follows:

93. Denies all cross-claims for contribution.

94. Denies all cross-claims for indemnification, and/or contractual indemnification.

### DEMAND FOR JURY TRIAL

95. Goodyear Canada requests trial by jury in the above-captioned case.

WHEREFORE, Goodyear Canada demands judgment:

a. dismissing plaintiffs' Complaint and all cross-claims against Goodyear Canada with prejudice;

b. alternatively, in the event judgment is recovered by plaintiffs against Goodyear Canada, awarding Goodyear Canada judgment over as against other defendants;

c.   awarding Goodyear Canada the costs and disbursements of this action; and

d.   for such other and further relief as the Court may deem just and proper.

Date:   New York, NY
        April 3, 2014

LYNCH DASKAL EMERY LLP

Attorneys for Defendant Goodyear Canada Inc.

By: _____
    Lawrence G. Lee
264 West 40th Street
New York, New York 10018
(212) 302-2400
(212) 302-2210 (fax)
lee@lawlynch.com

## **VERIFICATION**

I, Lawrence G. Lee, an attorney admitted to practice in the Courts of New York State, hereby affirm under penalty of perjury:

I am associated with the law firm LYNCH DASKAL EMERY LLP counsel for GOODYEAR CANADA INC. and am duly authorized to execute this Verification on their behalf. I have read the foregoing answer and know its contents. I believe the answer to be true based on information I have obtained from company employees and a review of company documents. I make this affirmation because defendant does not have an office in the county where my office is located.

Dated: April 3, 2014
       New York, New York

_____
Lawrence G. Lee

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY CUSUMANO and JOAN CUSUMANO,

      Plaintiffs,

  -against-

A. O. SMITH WATER PRODUCTS CO., et al.,

      Defendants.
-------------------------------------------------------------X

Civil Action No.: 1:13-cv-9020 (PGG)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 3rd day of April, 2014, a true and correct copy of Goodyear Canada Inc.'s Answer to Plaintiff's Amended Complaint, Affirmative Defenses, Cross-Claims, and Answer to Cross-Claims, was filed electronically and is available for viewing on the Court's Electronic Filing System. Notice of this filing will be sent to all counsel of record via the Court's Electronic Filing System.

Dated: April 3, 2014

        LYNCH DASKAL EMERY LLP

        By: _____s/_____
            Lawrence G. Lee
        264 West 40th Street
        New York, New York 10018
        (212) 302-2400
        (212) 302-2210 (fax)
        lee@lawlynch.com

        Attorneys for Goodyear Canada Inc.